Daniel, Judge,
 

 having stated the facts as above, proceeded : — In the first place, the will having been made before our act of assembly of 1827, (c. 7,) was passed, is not to be construed by it, but is to be construed by those rules of law, relative to the subject-matter, as they existed before the passage of that act. The subject of the suit' being personal property, the limitation over to the plaintiff would be good as an executory devise, by force of the words, “ if any of my children shall die without leaving issue,” if the additional words, “
 
 or children,”
 
 had not been inserted; for these words shall be, as to personal estate, construed to mean a dying without- leaving issue at the death of such child: the reason of which difference, in case of personal property, is in order to support the devise over, which otherwise would be too remote. The reason wherefore, in England, in the case of a devise of lands to one, and if he die without issue, or without
 
 *468
 
 leaving issue, shall reduce or enlarge his estate to an estate tail, is, because they are supposed to be inserted in favour of the issue, that they may have it, and the intent of the testator may take place by creating an estate-tail. Thus we see the reason, why a different construction is then put upon the same words in a will, where they relate to different species of property.
 
 Forth
 
 v.
 
 Chapman,
 
 1 P. Wms. 663.
 
 Dansey
 
 v.
 
 Griffith,
 
 4 Maule
 
 &
 
 Selw. 62.
 
 Crooke
 
 v.
 
 De Vandes,
 
 9 Ves. 197, 203. 2 Thomas’ Coke, 762. In this state, since the act of 1784, there cannot be an estate tail; the same construction is put on words like these in devises of real property, as in England obtains on bequests of personalty.
 
 Jones and Wife
 
 v.
 
 Spaight, 1
 
 Car. Law Rep. 544. As to the second objection; without stopping to inquire whether the plaintiff could recover in
 
 assumpsit
 
 at law, this court has always held the first taker, in a case like this, to be a trustee for the executory devisees, when the contingency happened which caused these legacies to vest; and a court of equity, once having the jurisdiction, does not lose it by its being also assumed by a court of law. We are of the opinion, that the decree in the Superior Court of Equity was correct; and the same must be affirmed, with the cost of this court.
 

 The first taker has always been held to be a trustee for the execu-tory de-visees.
 

 Per Curiam. Decree affirmed.